# EXHIBIT A

**LAW OFFICES OF ERIC A. SHORE**
BY: PAUL LORISTON, ESQ. (ID: 332436)
2 PENN CENTER, SUITE 1240
1500 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19102
PaulL@ericshore.com

Attorney for Plaintiff

Filed and Attested by the Office of Judicial Records 28 AUG 2026 10:53 am

| | |
|---|---|
| **Vivian Owusu Sekyere**<br>Plaintiff<br><br>v.<br><br>**DoorDash Inc.**<br>and<br>**John Does #1-10/ABC Corp.**<br>Defendants | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br>NO.: 260700693 |

**PRAECIPE TO REINSTATE COMPLAINT**

**TO THE PROTHONOTARY:**

Please reinstate the Complaint in the above captioned matter.

Respectfully submitted,

**LAW OFFICES OF ERIC A. SHORE**

Date: August 28, 2026

BY: *s/ Paul Loriston*
PAUL LORISTON, ESQ.

Filed and Attested by the Office of Judicial Records
08 [illegible] 2026 10:[illegible] am

**LAW OFFICES OF ERIC A. SHORE**
BY: PAUL LORISTON, ESQ. (ID: 332436)
2 PENN CENTER, SUITE 1240
1500 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19102
PaulL@ericshore.com
Attorney for Plaintiff

| | |
|---|---|
| **Vivian Owusu Sekyere**<br>7200 Merion Terrace Apt C313<br>Upper Darby, PA 19082<br><br>Plaintiff<br><br>v.<br><br>**DoorDash Inc.**<br>303 2nd Street, South Tower, 8th Floor<br>San Francisco, CA 94107<br><br>and<br><br>**John Does #1-10/ABC Corp.**<br><br>Defendants | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br><br>NO.: |

NOTICE TO DEFEND

| | |
|---|---|
| YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following documents, you must take action within twenty (20) days after this Notice is served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | USTED HA SIDO DEMANDADO EN LA CORTE. Si desea defenderse contra las reclamaciones presentadas en los siguientes documentos, debe tomar acción dentro de veinte (20) días después de recibir este Aviso, presentando una comparecencia por escrito personalmente o a través de un abogado y radicando por escrito en la corte sus defensas u objeciones a las reclamaciones presentadas en su contra. Se le advierte que si no lo hace, el caso puede proceder sin usted y el tribunal puede emitir un fallo en su contra sin más aviso por cualquier cantidad de dinero reclamada en la demanda o por cualquier otra compensación o alivio solicitado por el demandante. Usted podría perder dinero, |

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.<br><br>**Philadelphia Bar Association**<br>1101 Market St.<br>Philadelphia, PA 19107<br><br>Lawyer Referral Service:<br>Pennsylvania Lawyer Referral Service<br>(800) 692-7375 | propiedad u otros derechos importantes para usted.<br><br>DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. Si no tiene un abogado o no puede pagar uno, vaya o llame a la oficina mencionada a continuación para obtener información sobre dónde puede recibir ayuda legal.<br><br>Colegio de Abogados de Filadelfia<br>1101 Market St.<br>Filadelfia, PA 19107<br><br>Servicio de Referencia de Abogados:<br>Servicio de Referencia de Abogados de Pensilvania<br>(800) 692-7375 |

**LAW OFFICES OF ERIC A. SHORE**
BY: PAUL LORISTON, ESQ. (ID: 332436)
2 PENN CENTER, SUITE 1240
1500 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19102
PaulL@ericshore.com
Attorney for Plaintiff

| | |
|---|---|
| **Vivian Owusu Sekyere**<br>7200 Merion Terrace Apt C313<br>Upper Darby, PA 19082<br><br>Plaintiff<br><br>v.<br><br>**DoorDash Inc.**<br>303 2nd Street, South Tower, 8th Floor<br>San Francisco, CA 94107<br><br>and<br><br>**John Does #1-10/ABC Corp.**<br><br>Defendants | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br><br>NO.: |

## CIVIL COMPLAINT

1. Vivian Owusu Sekyere (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. DoorDash Inc. (hereinafter "Defendant") is a corporation engaged in the business of providing food and goods delivery services throughout Pennsylvania and the United States and regularly conducts business in Delaware County, Pennsylvania.

3. John Does #1-10/ABC Corp. (hereinafter "John Doe Defendant") are fictitious names used to designate the unknown DoorDash delivery driver and/or related entities whose identities may be discovered through the course of this lawsuit.

4. On June 7, 2026, Plaintiff placed an order for delivery through the DoorDash application or delivery to her residence.

## FACTUAL ALLEGATIONS

5. The Driver [whose identity is unknown], acting as DoorDash's employee, agent, servant, and/or representative, was assigned to deliver Plaintiff's order to her residence located at 7200 Merion Terrace Apt C313, Upper Darby, PA 19082.

6. Upon arrival at Plaintiff's residence, the Driver requested permission to use the bathroom, and Plaintiff, acting reasonably and in good faith, granted this permission.

7. After entering Plaintiff's residence, the Driver engaged in sexually threatening and harassing conduct toward Plaintiff, including exposing his genitals and attempting to approach Plaintiff in a threatening manner.

8. At the time of this incident, Plaintiff's three minor children, were in the residence and sleeping, and Plaintiff feared for her personal safety and for the safety of her children.

9. Plaintiff verbally resisted and expressed her distress to the Driver in response to his threatening conduct.

10. The Driver eventually left the premises, and Plaintiff immediately contacted law enforcement to report the incident and also reported the incident to DoorDash.

11. As a direct result of the Driver's conduct, Plaintiff suffered emotional trauma, anxiety, panic attacks, and ongoing fear.

12. Plaintiff received emergency care to address the immediate effects of this traumatic incident.

13. DoorDash failed to adequately screen, vet, train, and supervise its delivery drivers, including the Driver in this case.

14. Upon information and belief, DoorDash did not conduct proper background checks, criminal history verification, or other reasonable safety measures to protect its customers from dangerous or predatory conduct by its drivers.

15. DoorDash's failure to implement reasonable security measures, screening procedures, and driver supervision created a foreseeable risk of harm to customers using its delivery service at their private residences.

16. DoorDash's business model requires delivery drivers to enter or approach customers' private residences. DoorDash owed a duty to exercise reasonable care to protect Plaintiff from foreseeable risks of harm posed by its drivers.

17. The Driver's conduct was violent, threatening, and criminal in nature, constituting assault and battery under Pennsylvania law.

**COUNT I: ASSAULT**

**Plaintiff v. John Doe Defendant**

18. Plaintiff incorporates Paragraphs 1 through 17 as fully set forth herein.

19. The Driver intentionally placed Plaintiff in apprehension of immediate harmful or offensive contact by exposing his genitals, engaging in sexually threatening behavior, and attempting to approach Plaintiff in a threatening manner.

20. Plaintiff was reasonable in apprehending such contact and was placed in fear for her safety and the safety of her children.

21. By these actions, the Driver committed assault against Plaintiff, causing her to suffer emotional distress, anxiety, panic attacks, and fear.

**WHEREFORE**, the Plaintiff demands for judgment against Defendant, DoorDash in the amount of their damages together with interest, punitive damages, attorney fees, and cost of suit.

**COUNT II: Negligent Hiring, Retention, Supervision, and Training**

**Plaintiff v. Defendant, DoorDash**

22. Plaintiff incorporates Paragraphs 1 through 21 as fully set forth herein.

23. DoorDash owed Plaintiff a duty to exercise reasonable care in the hiring, screening, retention, training, supervision, and monitoring of individuals providing delivery services on its behalf.

24. DoorDash breached its duty of care by, inter alia:

a. Failing to conduct adequate background investigations;

b. Failing to properly screen delivery drivers for dangerous or predatory tendencies;

c. Failing to adequately train delivery drivers regarding appropriate conduct with customers;

d. Failing to implement reasonable customer safety protocols;

e. Failing to adequately supervise and monitor delivery personnel;

f. Failing to investigate and address complaints of misconduct;

g. Failing to take reasonable steps to protect customers receiving deliveries at their homes.

25. The misconduct committed by the Driver was a foreseeable consequence of DoorDash's failure to implement reasonable hiring, training, and supervisory practices.

26. As a direct and proximate result of DoorDash's negligence, Plaintiff suffered severe emotional distress, anxiety, panic attacks, fear, humiliation, embarrassment, psychological trauma, and medical expenses.

**WHEREFORE**, the Plaintiff demands for judgment against Defendant, DoorDash, Inc. in the amount of their damages together with interest, punitive damages, attorney fees, and cost of suit.

**COUNT III: VICARIOUS LIABILITY**
**Plaintiff v. Defendant, DoorDash**

27. Plaintiff incorporates Paragraphs 1 through 26 as fully set forth herein.

28. At all relevant times, the Driver was acting within the course and scope of his employment, agency, contractual relationship, and/or duties on behalf of DoorDash while performing a delivery assigned through DoorDash's platform.

29. The Driver was carrying out a delivery for DoorDash when he arrived at Plaintiff's residence.

30. DoorDash derived financial benefit from the Driver's delivery activities and exercised control over the assignment and completion of deliveries.

31. To the extent the Driver is found liable for the conduct described herein, DoorDash is vicariously liable for the damages caused thereby.

**WHEREFORE**, the Plaintiff demands for judgment against Defendant, DoorDash, Inc. in the amount of their damages together with interest, punitive damages, attorney fees, and cost of suit.

**COUNT IV: BATTERY**

**Plaintiff v. John Doe Defendant**

32. Plaintiff incorporates Paragraphs 1 through 21 as fully set forth herein.

33. The Driver intentionally engaged in offensive and unlawful conduct toward Plaintiff.

34. The Driver's conduct was unwanted, offensive, and without Plaintiff's consent.

35. The Driver's actions constituted battery under Pennsylvania law.

36. As a direct and proximate result of the Driver's conduct, Plaintiff sustained emotional and psychological injuries.

**COUNT V: EMOTIONAL DISTRESS**

**Plaintiff v. John Doe Defendant**

37. Plaintiff incorporates Paragraphs 1 through 26 as fully set forth herein.

38. The Driver engaged in extreme and outrageous conduct.

39. The Driver's conduct exceeded all bounds of decency tolerated by a civilized society.

40. The Driver intended to cause emotional distress or acted with reckless disregard of the likelihood that emotional distress would result.

41. As a direct and proximate result of the Driver's conduct, Plaintiff suffered severe emotional distress, anxiety, panic attacks, fear, humiliation, embarrassment, and psychological trauma.

42. Plaintiff required medical treatment and continues to suffer emotional and psychological effects from the incident.

**Law Offices of Eric A. Shore**

By: s/ Paul Loriston
Paul Loriston, Esquire

Date: July 7, 2026

**VERIFICATION**

I, Paul Loriston, Esquire, verify that the statements made in the foregoing Civil Action are true and correct to the best of my knowledge, information and belief. I further verify that I am authorized to take this Verification on behalf of Plaintiff in the capacity of attorney.

I understand that false statements herein made are subject to the penalties of 18 Pa C.S.A. §4904, relating to unsworn falsification to authorizes.

**Law Offices of Eric A. Shore**

By: s/ Paul Loriston
Paul Loriston, Esquire

Date: July 7, 2026